*J. H. Gary, solicitor, R. A. Hendricks,* contra.

---

### 7185. JONES *v.* THE STATE.

1. Under our statute, the carnal knowledge of man with man, or in the same unnatural manner with woman, constitutes the crime of sodomy. Penal Code, § 373. "There is no limitation as to the means by which this crime may be committed." *Herring* v. *State*, 119 *Ga.* 709, 721 (46 S. E. 876). It can be committed by the mouth or otherwise than per anum. *White* v. *State*, 136 *Ga.* 158 (71 S. E. 135).

2. When the evidence authorizes the conclusion that there was carnal knowledge between two men by the mouth of one of them, both are guilty of sodomy.

3. The evidence authorized the verdict, and the trial judge did not err in overruling the demurrer to the indictment, the motion in arrest of judg-ment, or the motion for a new trial.

DECIDED APRIL 21, 1916.

Indictment for sodomy; from Sumter superior court—Judge Littlejohn. December 20, 1915.

*L. J. Blalock,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

WADE, J. The indictment charged that Comer Jones, in a certain county and on a day named, did "unlawfully and with force and arms, being then and there a man, have carnal knowledge and connection against the order of nature with one Ernest Walker, who was then and there a man, by then and there taking into his mouth the male organ of said Ernest Walker, and thus said carnal knowledge and connection against the order of nature was had by said Comer Jones, a man, with said Ernest Walker, who was then and there a man; contrary to the laws of said State," etc. The indictment was demurred to, on the ground that it charged no crime on the part of the defendant, because he could not have carnal knowledge of Ernest Walker in the manner alleged. The demurrer was overruled, and exception was taken to the judgment thereon. The case proceeded to trial, and the evidence was amply sufficient to authorize the conclusion that the accused was guilty as charged in the indictment. A motion in arrest of judgment was made, on the ground previously urged in the demurrer, and was overruled. A motion for a new trial was then filed, based on the general grounds and on the special ground that the court erred in instructing the jury as follows: "If you are satisfied, beyond a reasonable doubt, that this defendant on trial, Comer Jones, did, as charged in this indictment, in September of the present year and in this county, he being then and there a man, have carnal knowledge and connection, against the order of nature, with one Ernest Walker, who was then and there a man, by taking into his mouth the male organ of the said Ernest Walker, and that carnal knowledge and connection, against the order of nature was had by said Comer Jones, a man, with said Ernest Walker, who was then and there also a man, you would be authorized, and it would be your duty, to return a verdict finding in accordance with that conclusion, which would be a verdict of guilty." The movant contended that this charge was error for the reason that carnal knowledge "could not be had otherwise than by use of the sexual organ, and not by the mouth."

Unpleasant as it is to discuss a case of this disgusting character, it is nevertheless necessary to some extent. It is not essential, how-

ever, to recite or refer to the revolting evidence, which in our opinion sufficiently established the facts alleged in the indictment. The only question in the case is whether the act of the defendant, as alleged in the indictment, constituted the crime of sodomy. Under the ruling in the *Herring* case, supra, undoubtedly the other person engaged with the defendant in the act charged in the indictment would be guilty, under section 373 of the Penal Code, upon proof of the facts alleged against *him;* and, without going into any discussion of the question involved, we hold without any hesitation that the demurrer to the indictment was properly overruled, as were also the motion in arrest of judgment and the motion for a new trial. As was said in Means *v.* State, 125 Wis. 650 (104 N. W. 815), "We are unwilling to soil the pages of our reports with lengthened discussion of the loathsome subject. There is sufficient authority to sustain a conviction in such a case, and, if there were none, we should feel no hesitancy in placing an authority upon the books. The Queen *v.* Allen, 1 Den. C. C. 364; Kelly *v.* People, 192 Ill. 119, 61 N. E. 425 [85 Am. St. R. 323]." In the decision from which this is quoted the facts were stated as follows: "The plaintiff in error was convicted of a crime against nature, under section 4591, Rev. St. 1898, committed by inducing a boy seven years of age to insert his male organ in the mouth of the plaintiff in error. Upon writ of error he claims that as the boy was incapable of penetration in the sense in which that word is used in rape, and incapable of emission, there was no crime under section 4591, but only an indecent assault under section 4591a, Rev. St. 1898."

*Judgment affirmed.*