## 8995. COMER *v.* THE STATE.

BROYLES, P. J. 1. The offense of sodomy can be committed per os, or otherwise than per anum. *Herring* v. *State,* 119 *Ga.* 709 (46 S. E. 876); *White* v. *State,* 136 *Ga.* 158 (71 S. E. 135), s. c. 9 *Ga. App.* 307 (71 S. E. 499); *Jones* v. *State,* 17 *Ga. App.* 825 (88 S. E. 712).

2. While criminal statutes must be strictly construed, yet, under the construction given to section 373 of the Penal Code of 1910 by the Supreme Court in *Herring* v. *State* and in *White* v. *State,* supra, and necessarily adopted by this court in *White* v. *State* and in *Jones* v. *State,* supra, it follows, as a reasonable, logical, and unescapable deduction therefrom, that where a man and a woman voluntarily have carnal knowledge and connection against the order of nature with each other, they are both guilty of sodomy, whether the offense be committed by the mouth of the man or by the mouth of the woman.

(a) Penal Code section 373 reads as follows: "Sodomy is the carnal knowledge and connection against the order of nature, by man with man, or in the same unnatural manner with woman." In this section the words "the same unnatural manner" refer to the words "against the order of nature," and should be so construed. Sexual intercourse by the use of the sexual organ of the female and the mouth and tongue of the male is as much "against the order of nature," and therefore is as fully covered by the statute, as where the intercourse is consummated

by the use of the sexual organ of the male and the mouth of the female, or as where the unnatural connection is accomplished by the introduction of the sexual organ of one male into the mouth of another male. It is, under the interpretation of the statute given by the Supreme Court, too narrow a construction to hold that the words "the same unnatural manner" limit the connection against the order of nature, prohibited by the statute, solely to where the connection against the order of nature is consummated in some manner by the use of the sexual organ of the male.

3. The indictment in this case charged that the defendant (who was a woman), on the 3d day of June, 1917, in Muscogee county, ·Georgia, committed the offense of sodomy, by unlawfully having "carnal knowledge and connection against the order of nature and in an unnatural manner with one Blake Robinson; for that the said Mary Jane Comer [the defendant], did then and there persuade, induce, permit, and consent for the said Blake Robinson to insert into her private parts his mouth and tongue, to wit, her vagina and uterus, and the said Blake Robinson did then and there, at her request, solicitation, knowledge, consent, and permission, insert into and penetrate her vagina and uterus his mouth and tongue, thereby having carnal knowledge and· connection with the said Blake Robinson against the order of nature and in an unnatural manner, contrary to the laws of said State, the good, order, peace, and dignity thereof." Under the rulings stated in the preceding headnotes, the court did not err in overruling the demurrer which set up that the allegations in the indictment did not show the commission of the crime of sodomy, or of any other crime under the penal laws of this State.

 *Judgment affirmed.*  *Harwell, J., concurs.*  *Bloodworth, J., dissents.*

DECIDED NOVEMBER 14, 1917.

 Indictment for sodomy; from Muscogee superior court—Judge Howard. June 18, 1917.

 *Ed. Wohlwender,* for plaintiff in error.

 *C. F. McLaughlin, solicitor-general,* contra.

 BLOODWORTH, J., dissenting. Especially on account of the .loathsomeness of the charge in this indictment (the insertion of the mouth and tongue of the male into the vaginal opening of the female) do I regret that I can not agree with my brethren in the conclusion reached by them, as shown by the 2d and 3d headnotes above. As defined in our code, "Sodomy is the carnal knowledge and connection against the order of nature by man with ·man, or in the same unnatural manner with woman." Construing this statute strictly, as all criminal laws must be construed, I think it means that the carnal knowledge must be *by* man with man, or in the *same* unnatural manner *by* man with woman. When the connection is thus had, both participants are guilty. Primarily

carnal knowledge, is synonymous with sexual intercourse, and is "the act of a man having sexual bodily connection with a woman" (Noble *v.* State, 22 Ohio State, 541, 545; Commonwealth *v.* Squires, 97 Mass. 61; definition of "carnal knowledge" in Black's Law Dictionary, 174; 6 Cyc. 351; 9 Corpus Juris, 1293), and "is the insertion of the male organ to some extent, however slightly, into the female organ of the female." Maxey *v.* State, 66 Ark. 523 (52 S. W. 2). "The carnal knowledge necessary to constitute this offense [sodomy] is the same that is required in the case of rape. In this offense, as in rape, the crime is complete on proof of penetration." 1 Russell on Crimes (7th Eng. ed.) 976. It will be noted that in the definition of sodomy in our code the words "carnal knowledge" are the same as those used in the definition of rape. It would hardly be insisted that rape could be committed by the man using his mouth and tongue in the manner alleged in this indictment. "A conviction of sodomy can not be sustained, the evidence not showing penetration." Green *v.* State (Tex. Cr. App.), 79 S. W. 34. "The crime of sodomy can not be accomplished between two women . . The essential elements of the crime of sodomy in any of its branches are very similar in character to those of the kindred crime of rape. . . Penetration of the body of the catamite, pathic, or subject is absolutely necessary to constitute the crime of sodomy, both at common law and under statute." 1 Wharton's Crim. L. (11th ed.), 965, 969, §§ 754, 758. Penetration by what? The same organ of the male used in having ordinary sexual intercourse. Sodomy as originally construed was only per anum. This was the crime of Sodom, the city that gave the abominable and disgusting crime its name. "Everyone commits the felony called sodomy who, . . being a male, carnally knows any man or any woman (per anum)." See definition of sodomy in Stroud's Judicial Dictionary.

It is now held that the crime may be committed by the insertion of the virile organ of the male into either end of the alimentary canal, i. e. per anum or per os. Our own courts have so decided (*White* v. *State,* 136 *Ga.* 158, 71 S. E. 135; *Herring* v. *State,* 119 *Ga.* 709, 45 S. E. 697; *Jones* v. *State,* 17 *Ga. App.* 825, 88 S. E. 712); but the writer does not believe that the indictment in this case is sustained by the Georgia decisions. It has been held also that "the actual penetration of the virile mem-

ber into an orifice of the human body, except the vaginal opening of the female, is sufficient for the establishment of the crime in question." State v. Start, 65 Or. 178 (32 Pac. 512, 46,L. R. A. (N. S.) 266); State v. McGruder, 125 Iowa, 741 (101 N. W. 646). This, in my opinion, is the law in Georgia. See *Herring* v. *State,* supra. I do not believe sodomy can be committed under our statute without the use of the virile organ of the man.

Whether the writer is right or wrong, the members of our legislature could easily make the matter clear by a short statute making unlawful such practices as are alleged in the indictment in this case.