## 30237. HARMON v. THE STATE.

JORDAN, Justice.

The appellant, Lee Harmon, was indicted for the illegal sale of ethchlorvynol, a controlled substance under the Georgia Controlled Substances Act. Appellant filed a demurrer on the grounds that the indictment charged him with a nonexistent offense, that it charged him with two separate offenses in one count and that it was too vague and indefinite; and on the ground that the Georgia Controlled Substances Act was unconstitutional. The trial court overruled appellant's demurrer and certified such judgment for immediate review.

1. The offense was sufficiently described in the special presentment with particularity to distinguish it from other offenses under the Act, and was sufficient to put appellant on notice of the alleged offense, even though

the drug was described as "ethclorvynol" rather than "ethchlorvynol," the proper spelling. See *Allen v. State,* 120 Ga. App. 533 (171 SE2d 380).

2. Appellant next contends that the special presentment is faulty because of duplicity, in that the language "unlawfully possess and sell" in the one-count indictment charges him with two separate crimes under the Controlled Substances Act. In support of his contention, appellant cites *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) arguing that in that case we held illegal possession and sale of a controlled substance to be separate and distinct crimes as a matter of law. While this is true, the opinion, in interpreting Code Ann. §§ 26-505 and 26-506, said that these sections established alternative rules for determining when one crime is included in another as a matter of fact *or* as a matter of law. The opinion went on to hold that since the evidence in that case required to convict of illegal sale was the only evidence showing possession, the illegal possession was included in the crime of illegal sale as a matter of fact under Code Ann. § 26-505 (a).

The same rule applies to the case sub judice since the state concedes in its brief that selling was the sole offense intended. Therefore the evidence needed to convict appellant of illegal possession is also needed to convict him of illegal sale. Under such circumstances the indictment charged appellant only with the single offense of illegal sale of a controlled substance since it is the greater offense and is not so vague, uncertain and indefinite that appellant could neither prepare a defense nor plead former jeopardy as he contends.

We also said in *Estevez,* supra, that "an accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other."

3. Appellant enumerates as error the trial court's overruling his motion to declare Code Ann. §§ 79A-803 (a), 79A-805 (a), 79A-809 (c) of the Georgia Controlled Substances Act unconstitutional as violative of Art. I, Sec. I, Par. 23 (Code Ann. § 2-123) (separation of powers) and Art. III, Sec. I, Par. I (Code Ann. § 2-1301) (delegation of

legislative power) of the Georgia Constitution. Appellant cites as authority *Sundberg v. State,* 234 Ga. 482 (216 SE2d 332) where this court declared Code Ann. § 79A-903 (b 4) of the Georgia Dangerous Drugs Act, the predecessor of the statute sub judice, unconstitutional as violating the same constitutional provisions as enumerated here.

There is no merit in this contention. Unlike *Sundberg,* the appellant here was indicted for the illegal sale of ethchlorvynol which has been classified as a controlled substance by the legislature in the 1974 enactment. Ga. L. 1974, pp. 221, 241. At the time of appellant's indictment, the State Board of Pharmacy had neither added ethchlorvynol to a schedule, nor rescheduled it. The offense of which appellant has been charged has never been affected by any action of the State Board of Pharmacy pursuant to its authority under Code Ann. §§ 79A-803 (a), 79A-805 (a) or 79A-809 (c).

*Judgment affirmed. All the Justices concur.*

Submitted August 22, 1975 — Decided October 1, 1975.

*William Ralph Hill, Jr.,* for appellant.

*Earl B. Self, District Attorney, C. P. Brackett, Jr., Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, G. Thomas Davis, Senior Assistant Attorney General,* amicus curiae.