## 56059. ARNOLD v. THE STATE.

BIRDSONG, Judge.

Timothy Arnold was convicted of two counts of auto theft, but appeals only the conviction of one. In relation to that offense, the facts show that Arnold was living with a young girl in Gainesville. On the night that the theft took place, Arnold left the place where he resided with the girl, stating to her that he had some business. Shortly thereafter, she heard a car door slam and immediately thereafter, appellant appeared. They left for the purpose of driving to Atlanta. At that time, she saw a black Monte Carlo with the glove compartment door missing. After some confusion, Arnold brought the girl back to their motel apartment and left her there. Arnold drove away in the Monte Carlo, and the girl did not see it again. Arnold's female companion did not know where the car came from but related that Arnold told her he had borrowed it from a friend and was going to return it to Atlanta. In a pre-trial confession, Arnold admitted driving the vehicle from Gainesville to Atlanta, where the car was recovered, but contended that he was delivering the car as a favor.

The owner of a used car business testified that on the

evening of the theft he left his place of business and a black Monte Carlo was on the lot. The next day, he returned to the place of business and observed signs of forcible entrance into his small office and all the keys moved from their place of secreting to a table in the office. One set of keys was missing which his records disclosed belonged to a missing black Monte Carlo, which had the glove compartment door missing.

Appellant enumerates as error the court's denial of a mistrial based upon the evidence of the felonious entry into the car lot owner's office, an offense not charged; the admission over objection of the girl's testimony as a violation of a privileged communication between common law husband and wife; and that the evidence did not support the conviction. *Held:*

1. The first enumeration lacks merit. The owner gave testimony which demonstrated how he immediately knew that a car had been taken from his lot, how he identified which car had been taken, and generally described the mechanics of the taking. These facts are so connected to the crime charged that the fact it incidentally disclosed an uncharged burglary was not error. The evidence was fully authorized to be admitted to demonstrate the criminal scheme. *Calhoun v. State,* 135 Ga. App. 609, 611 (218 SE2d 316). See *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Deuser v. State,* 138 Ga. App. 211, 213 (225 SE2d 758).

2. Neither is the second enumeration of error meritorious. Pretermitting the question of whether the preponderance of the evidence established a common law marriage, we find no prejudicial error in the admission of the girl's testimony. Appellant admitted that even if a common law marriage were shown, the putative wife's testimony was admissible with her consent. The transcript clearly shows her consent to testify. Appellant however supports his objection on the basis of a privileged communication and ignores the waiver by the spouse. Accepting the position taken by appellant, nevertheless, we find no error. The incriminating testimony adduced from the "common law wife" related to her personal observations and not from any statements made to her in the confidence of the marital relationship. The girl's

testimony concerning statements made to her by appellant were exculpatory and supported his defense that he did not take the car but was returning it to a friend. When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. *Brown v. City of Atlanta,* 66 Ga. 71; *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

3. The evidence of appellant's guilt was in conflict but was sufficient to support the verdict of the jury. The allegation of insufficiency is without merit. *Anderson v. State,* 233 Ga. 464 (211 SE2d 754); *McCoy v. State,* 237 Ga. 118, 119 (227 SE2d 18).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 23, 1978 — DECIDED JULY 10, 1978.

*Loggins & Murray, Hulon Murray,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.