37306. WARD v. THE STATE.

HILL, Presiding Justice.
On August 21, 1980, defendant was indicted for three counts of violating the Controlled Substances Act (Ga. L. 1974, pp. 221, 223; Code Ann. Ch. 79A-8), and one count of violating the Dangerous Drug Act (Ga. L. 1967, pp. 296, 323; Code Ann. Ch. 79A-7), all on August 8, 1980. The indictment alleged possession of methaqualone (Controlled Substances Act, schedule 2, a felony), diazepam (Controlled Substances Act, schedule 4, a felony), amitriptylene (Dangerous Drug Act, code D, a misdemeanor), and less than one ounce of marijuana (Controlled Substances Act, a misdemeanor).

The defendant, representing herself, pled guilty to all counts on August 25, 1980. After a presentence investigation, the court imposed four consecutive three-year sentences on September 29, 1980. As conditions of probation, the court ordered the defendant to pay fines of $250 on each count within one year, to receive treatment at the Women's Diversion Center for alcohol and drug abuse on Count 1 and to live with her parents upon release from the Center on Count 1 and to continue to live with her parents during the remainder of her probated sentences. Defendant retained counsel, notice of appeal was filed on October 17, 1980, and on October 24 the trial court amended the sentences on two counts so as to impose one-year probated sentences on the misdemeanor offenses. This appeal followed.

1. Defendant argues that the Dangerous Drug Act is unconstitutionally vague, that both the Dangerous Drug Act and the Controlled Substances Act are invalid delegations of legislative authority, and that both acts fail to give notice of the conduct made crimes by the acts.[1]

Defendant first argues that Code § 79A-702 under the Dangerous Drug Act is vague in that it fails to identify the "director." That statute provides: "A 'dangerous drug' shall mean: . . . (b) Any drug, substance or device declared by the director to be a 'dangerous drug' and included in the official publication of dangerous drugs compiled by the director pursuant to the provisions of section 79A-306 as said publication of dangerous drugs read on February 1, 1980." Prior to 1977 the words "chief drug inspector" appeared where the word "director" now appears. The name of the chief drug inspector was changed to director by Ga. L. 1977, pp. 625, 626. The director is appointed by the State Board of Pharmacy, Code Ann. § 79A-301, and has the duties specified in Title 79A. This enumeration is without merit.

Defendant also argues that the Dangerous Drug Act is unconstitutionally vague and constitutes an illegal delegation of legislative authority because it fails to list or codify which drugs are dangerous. Defendant argues that the Dangerous Drug Act delegates to the director an unrestricted power to determine penal liability for possession of products on the market, citing *Sundberg v. State,* 234 Ga. 482 (216 SE2d 332) (1975). *Sundberg* involved the Drug Abuse

---

[1] Although defendant did not challenge the constitutionality of the statutes at the trial level, so as to avoid the relitigation of these issues on habeas corpus, we exercise our discretion to decide these questions in the interest of judicial economy. *Barnes v. State,* 244 Ga. 302, 303 (260 SE2d 40) (1979); *Paras v. State,* 247 Ga. 75 (274 SE2d 451) (1981).

Control Act which was repealed in 1974. Ga. L. 1974, p. 221. The majority in *Sundberg* found that that act defined a depressant or stimulant drug as anything the State Board of Pharmacy said it was, without guidelines set out by the act. In the case before us, however, the director is authorized by Code § § 79A-702 and 79A-306 to publish a list of dangerous drugs. Code § 79A-702(b) specifically adopted that list as it was published on February 1, 1980. Ga. L. 1980, pp. 1746, 1749. Amitriptylene was on the list that the General Assembly approved. IV Rules & Regulations of the State of Georgia, Pharmacy, Ch. 480-25-0-.7-.01(c)(7) (Feb. 1980 edition). Incorporation of the director's drug list by reference in an act of the General Assembly has been approved as against both vagueness and delegation challenges. *State v. Bonini,* 236 Ga. 896 (2) (225 SE2d 907) (1976). Since the General Assembly incorporated by reference amitriptylene as a dangerous drug in the 1980 act, no unconstitutional delegation or vagueness is involved here. *Harmon v. State,* 235 Ga. 329 (3) (219 SE2d 441) (1975).

Defendant also argues that the Controlled Substances Act is an unconstitutional delegation of legislative authority. Defendant asserts that the legislature has failed to maintain control over the determination of whether a substance should fall within the purview of Code Ch. 79A-8 because none of the guidelines in Code § 79A-803 are mandatory. We do not agree; Code § 79A-803 provides that the Board of Pharmacy "shall consider" nine factors and shall make findings after considering those nine factors. Consideration of the statutory factors is mandatory. *Sanchez v. Walker County Dept. of Family & Children Services,* 237 Ga. 406, 410-411 (229 SE2d 66) (1976); *Barton v. Atkinson,* 228 Ga. 733 (1a) (187 SE2d 835) (1972). Additional factors are found in Code § 79A-805. *Sundberg v. State,* supra, is inapposite.

Moreover, the defendant was indicted for possession on August 8, 1980, of three controlled substances — marijuana, diazepam and methaqualone. The General Assembly specifically included methaqualone and marijuana in its enactment of the Controlled Substances Act, Ga. L. 1974, pp. 221, 238, 244, and added diazepam by amendment in 1977; Ga. L. 1977, p. 1287. Thus, at the time of defendant's indictment, the three substances had been classified as controlled substances by the legislature. Therefore, no authority delegated to the State Board of Pharmacy has affected this defendant. *Harmon v. State,* supra. This enumeration of error is without merit.

From the foregoing it follows that defendant's complaints regarding lack of notice must also fail.

2. Defendant argues that the trial court erred in sentencing her.

She argues that contrary to Code § 26-506 she was sentenced for four crimes when she violated only two statutes. She argues that the trial court sentenced her to the Women's Diversion Center for drug and alcohol abuse treatment for an indeterminate period of time, contrary to Code § 27-2502. She also contends that the trial court was without authority to require her parents to maintain a home so that she can live with them inasmuch as they are uninvolved third parties.

Defendant's challenge under Code § 26-506 is without merit. That section provides in part: "(a) When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Defendant argues that she committed only one act which violated two statutes (the Dangerous Drug Act, Code Ch. 79A-7, and the Controlled Substances Act, Code Ch. 79A-8) and can be charged with only two violations. Carrying this argument to its extreme would mean that a person could not be found guilty of both armed robbery and carrying a pistol without a license because both crimes are violations of the 1968 Criminal Code.

Defendant possessed methaqualone, in violation of Code § 79A-807 (e) (1); diazepam, in violation of Code § 79A-809 (b) (16); marijuana, in violation of Code § 79A-811 (1); and, amitriptylene, in violation of Code § 79A-702 (b) (Ga. L. 1980, pp. 1746, 1749-1750). Thus, defendant violated four statutory prohibitions. We find no error. *Howard v. State,* 144 Ga. App. 208 (1) (240 SE2d 908) (1977).

The trial court did not violate Code § 27-2502, the "Determinate Sentencing Statute," in sentencing defendant to the Women's Diversion Center on Count 1. Defendant was sentenced to serve 3 years on Count 1. That sentence was probated in favor of treatment at the Diversion Center. Thus, defendant cannot be required to receive treatment at the Diversion Center for longer than 3 years. As such, she has been sentenced for a specific number of years and will not be heard to complain that she may be released from the Diversion Center in less than 3 years.

Code § 27-2711 sets forth the usual terms and conditions of probation. It has long been the rule, however, that Code § 27-2711 permits a trial court to impose other conditions not specifically enumerated. *Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223) (1960); *State v. Collett,* 232 Ga. 668, 670 (208 SE2d 472) (1974); *Giddens v. State,* 156 Ga. App. 258, 261 (274 SE2d 595) (1980); Code § 27-2502. However, we have found no statute or other authority which would

authorize a trial court to require third parties to maintain a residence for an adult defendant without their consent. To require the defendant to "live with her parents" for up to 8 years requires the parents to permit her to do so. If her parents moved outside the jurisdiction of the court or refused to provide a domicile for the defendant, she would be in violation of her probation. Defendant has no control over whether her parents will permit her to live with them nor over whether her parents will even maintain a domicile. Implicitly, then, the trial court's order imposes a restriction on defendant's parents (i.e., that they maintain a domicile for defendant). Such a condition is unenforceable. *Parkerson v. State,* 156 Ga. App. 440 (274 SE2d 799) (1980). That condition is therefore ordered stricken from the terms of probation.

3. Defendant next argues that the trial court erred in failing to ascertain whether she needed an attorney appointed to represent her. The record shows the following calendar of events in Madison County:

| | |
|---|---|
| Arraignment day | August 1, 1980 |
| Grand Jury convened | August 18, 1980 |
| Defendant indicted | August 21, 1980 |
| Criminal week | August 25, 1980 |
| Defendant's plea entered | August 25, 1980 |

The defendant normally would have been tried at the next term of court. Instead she appeared on August 25 to enter a guilty plea. The transcript shows the following between the defendant and the trial judge regarding her right to an attorney: "The Court: Ms. Ward, you understand that you have a right to have an attorney with you if you want to. Ms. Ward: I'll represent myself." The defendant was not advised that if she was indigent she had the right to have a lawyer appointed to represent her. (Subsequent transcripts show that the trial judge was under the impression that the defendant had been fully advised of her rights previously but no transcript shows that she was advised of the right here in issue.)

Courts are to " . . . satisfy themselves that pleas of guilty are voluntarily and intelligently made by competent defendants with adequate advice of counsel. . . ." Brady v. United States, 397 U. S. 742, 758 (90 SC 1463, 25 LE2d 747) (1970); see also Argersinger v. Hamlin, 407 U. S. 25, 37 (92 SC 2006, 32 LE2d 530) (1972). This is not such a case as would fall within the Scott v. Illinois, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979), rule that no right to an attorney obtains absent "actual imprisonment" inasmuch as defendant did suffer an actual loss of liberty by the trial court's sentencing her to the Women's Diversion Center. See In re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) (1967).

There is nothing in the record or transcript which indicates that defendant entered her plea "with adequate advice of counsel." *Brady v. United States, supra.* Further, the record is silent as to defendant's indigency, a finding of which would have entitled her to appointed counsel. The trial court failed to advise the defendant that she had the right to appointed counsel if she could not afford one and did not ascertain whether she had consulted with an attorney before entering her plea. See *Rogers v. State,* 156 Ga. App. 466 (274 SE2d 815) (1980); see also *Rose v. State,* 128 Ga. App. 370, 371-372 (196 SE2d 683) (1973). Thus, we must remand for a hearing to determine defendant's indigency. If she was indigent, she was entitled to be advised of the right to the appointment of counsel. If she was not indigent, her failure to retain counsel constituted waiver. *Bostick v. Ricketts,* 236 Ga. 304 (2) (223 SE2d 686) (1976).

*Guilty plea vacated and case remanded. Marshall, Clarke, Smith and Gregory, JJ., concur. Jordan, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1981.

*H.W. Vaughn, Jr.,* for appellant.

*J. Cleve Miller, District Attorney, Francis J. George, Assistant District Attorney,* for appellee.