## 67223. PORTER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for aggravated sodomy and two counts of assault. The issue asserted as a basis for all of the enumerations of error is that the indictment and the evidence on which he was convicted did not constitute the crime of sodomy under the law. *Held:*

Defendant was indicted for a violation of OCGA § 16-6-2, (formerly Code Ann. § 26-2002), which states: "A person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of *another.* A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person." (Emphasis added.)

The indictment accused defendant of aggravated sodomy with force and against the will of the male victim by placing his mouth on the sex organ of the victim. The evidence was amply sufficient to authorize the jury to find defendant guilty of the indictment beyond a reasonable doubt.

Defendant contends that because the word "another" in OCGA § 16-6-2 (Code Ann. § 26-2002) is defined as "a person . . . other than the accused" by OCGA § 16-1-3, (formerly Code Ann. § 26-401), he did not commit sodomy by placing his mouth on the victim's sex

organ, because OCGA § 16-6-2 (Code Ann. § 26-2002) only proscribes the placing of the accused's (one person's) sex organ in the mouth or anus of "another" (person other than the accused).

This unique contention arises from the fact that when the statutory law of Georgia was recodified into the current Official Code of Georgia in 1982, the preface to the definitions for the criminal code in Code Ann. § 26-401, which included the definition of "another," was omitted in the recodified OCGA § 16-1-3. That preface stated: "For the purposes of this Title, the following terms have the meaning designated, except when a particular context clearly requires a different meaning."

Prior to the recodification, defendant's contention was apparently never raised for the obvious reason that the particular context of the sodomy statute clearly required a different meaning for the word "another," and sodomy was a crime if the accused placed his mouth on the sex organ of the victim. See e.g., *Wynne v. State,* 139 Ga. App. 355 (1) (228 SE2d 378); *Stonaker v. State,* 134 Ga. App. 123 (1) (213 SE2d 506), reversed on other grounds in 236 Ga. 1 (222 SE2d 354); *Jones v. State,* 17 Ga. App. 825 (88 SE 712).

OCGA § 1-1-2 (Code Ann. § 102-202) states: "The enactment of [the Official Code of Georgia] is intended as a recodification, revision, modernization, and reenactment of the general laws of the State of Georgia which are currently of force and is intended, where possible, to resolve conflicts which exist in the law and to repeal those laws which are obsolete as a result of the passage of time or other causes, which have been declared unconstitutional or invalid, or which have been superseded by the enactment of later laws. *Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code.*" (Emphasis added.)

In view of the foregoing expression of legislative intent, we find that by the enactment of the Official Code of Georgia, the General Assembly did not intend to change the sodomy statute, now OCGA § 16-6-2 (Code Ann. § 26-2002), to exclude as a crime the placing of one's mouth on the sexual organ of another; and that the term "another" in OCGA § 16-6-2 (Code Ann. § 26-2002) includes the accused person.

Accordingly, the enumerations of error are without merit.
*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 1, 1983.

*Bobby Lee Cook, Hylton B. Dupree, Jr., Stephen C. Steele,* for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.