## 73187. MORRISON v. THE STATE.

(352 SE2d 622)

Pope, Judge.

William Francis Morrison and three co-defendants pled guilty to the offense of arson in the first degree. Defendant was sentenced to 10 years probation, conditioned on the payment of restitution to the victim, and a $1,000 fine. A hearing was held on March 11, 1986 to determine the restitutionary amount. An order was entered on March 12, 1986 specifying the amount of restitution and the manner of payment as follows: "[E]ach defendant is jointly and severally responsible for the entire amount of $32,500.00. . . . [A]s a condition of probation the [four] defendants shall pay the sum of $15,000.00 restitution . . . on or before . . . March 21, 1986. Should this not be paid on or before that date, each defendant will be considered to have violated the terms of his probation and subject to immediate revocation. Partial payment by any one defendant will not be considered as satisfaction of this obligation. Further, the balance owed of $17,500.00 shall be paid off during the first five (5) years of defendants' probation. . . . Further, should any amounts owed as restitution be in arrears at any time without legal excuse, each defendant shall be considered to have violated the conditions of probation. Under no circumstances shall this Order be construed so as to allow any defendant to pay only one fourth of any amount owed." From this order, defendant Morrison appeals. *Held*:

Defendant's sole enumeration of error is that the trial court erred in its March 12, 1986 order by holding each defendant jointly and severally liable for the entire restitutionary amount. We note at the outset that "[t]his court is not empowered to modify a sentence which is within the statutory limits and lawfully imposed." *Thomas v. State*, 139 Ga. App. 364 (228 SE2d 386) (1976). Thus, our initial inquiry is whether the sentence was properly imposed by the trial court.

"Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance. . . . Probation of sentence . . . comes as an act of grace to one convicted of a crime. . . . The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain." (Citations and punctuation omitted.) *Scott v. State*, 131 Ga. App. 504 (206 SE2d 137) (1974). OCGA § 17-10-1 (a) gives the trial court the "power and authority to suspend or probate the sentence under such rules and regulations as he deems proper." See also *Garland v. State*, 160 Ga. App. 97 (4) (286 SE2d 330) (1981). "The probation and suspension statutes in Georgia vest broad discretion in trial judges. . . . [A]ny reasonable condition imposed for probation or suspension of a sentence by a trial court should . . . be approved." *West v. State*, 160 Ga. App. 855, 856 (287

SE2d 694) (1982).

It is clear that court-ordered restitution may be imposed as a reasonable condition of probation. OCGA § 17-14-3. See also *Lee v. State*, 166 Ga. App. 485 (1) (304 SE2d 446) (1983) (in which the restitutionary amount was apportioned among the three co-defendants). This court has recently examined the role of restitution in our judicial process. In *Garrett v. State*, 175 Ga. App. 400, 401 (333 SE2d 432) (1985),[1] we stated that "the restitution mechanism is an attempt to avoid the necessity of a separate civil action and to determine the amount of loss caused by the criminal act. . . . This device . . . has the salubrious effect of serving judicial economy and saving as well . . . time and costs and repeated court appearances . . . . It appears then, that the objective is to resolve and conclude the whole matter in a single court proceeding, in the context of the criminal action, in a manner acceptable to the parties. . . ."

Although it is clear that the amount at issue in the present case could be awarded as joint and several damages following a civil liability trial, we do not believe this finding to be controlling of the issue in the case sub judice. This court's statement in *Garrett* concerning the purpose of restitution does not mean that restitution is synonymous with civil damages. OCGA § 17-14-9 clearly provides that the amount of restitution may be less than the actual damages suffered by the victim. Moreover, the legislature has mandated certain factors which must be considered in determining the nature and amount of restitution that clearly would not be relevant in determining civil damages. OCGA § 17-14-10. In fact, the *amount* of damages is only one factor that the ordering authority must consider under that code section. OCGA § 17-14-10 (3). Lastly, a restitutionary award does not preclude a civil trial and damages award. OCGA § 17-14-11.

Another line of cases which bear more directly on the reasonableness issue are those which hold that the trial court cannot impose conditions which involve third persons over which the probationer has no control. In *Ward v. State*, 248 Ga. 60 (281 SE2d 503) (1981), the defendant was ordered as a condition of her probation to live with her parents. The court found this condition unenforceable stating that "[t]o require the defendant to 'live with her parents' . . . requires the parents to permit her to do so. . . . Defendant has no control over whether her parents will permit her to live with them nor over whether her parents will even maintain a domicile." Id. at 64. In *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980), the trial

---

[1] The issue in *Garrett* concerned the trial court's failure to enter written findings of fact concerning the factors specified in OCGA § 17-14-10. Defendant in the present case did not raise this issue, and thus it is not before this court for consideration. See *Partain v. State*, 139 Ga. App. 325 (6) (228 SE2d 292) (1976), aff'd, 238 Ga. 207 (232 SE2d 46) (1977).

court ordered defendant and defendant's wife banished from the Waycross Judicial Circuit. The court found this order invalid and unenforceable because "[n]ot only would such a condition unreasonably restrict an innocent party's freedom to travel, but it imposes a condition on the probationer over which he has no control." Id. at 440. We do not believe, however, that these cases are controlling. In both *Parkerson* and *Ward*, the conditions imposed involved third parties over which the trial court had no authority. Moreover, in the case sub judice, defendant does have control over the condition imposed because he can pay the restitution. Defendant's lack of control concerns his ability to insure that his co-defendants pay their "fair share." However, defendant cites no authority for the proposition that a restitutionary amount must be equally apportioned among co-defendants. Likewise, defendant does not show that it would be error for the trial court to order one defendant to pay the entire restitutionary amount. On the contrary, we believe that proper consideration of the factors mandated in OCGA § 17-14-10 could, in some situations, result in a determination that certain defendants should be liable for a greater share of the restitutionary amount.

Defendant also contends that the March 12, 1986 order violates "the spirit if not the letter" of *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983). In *Bearden*, defendant's probation was revoked after he failed to pay an installment on his court-ordered restitution. The record in *Bearden* showed that defendant was indigent and that he had been diligent in his efforts to pay the restitutionary amount. The court held that "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interest in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." Id. at 672-73.

We believe *Bearden* inapposite. Central to the court's holding in *Bearden* was an inquiry into defendant's ability to pay; defendant sub judice has shown no facts on the record that suggest he has an inability to pay. On the contrary, the record shows that defendant at least

had the financial resources to pay the other three defendants to burn the victim's house down so his property values would not go down. We do not think this situation analogous to the Supreme Court's holding that an indigent defendant's probation may not be revoked without a hearing to determine bona fide efforts to pay the restitutionary amount.

Moreover, there are other reasons why a *Bearden*-type analysis is premature in the case sub judice. The record does not indicate that probation revocation proceedings have been instituted against defendant for failure to pay the restitutionary amount or that, in fact, restitution is not properly being made to the victim. The record does not show that defendant Morrison has been forced to pay more than his "share" of the restitutionary amount. "When a [defendant] brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. [Cits.]" *Arnold v. State*, 146 Ga. App. 624, 626 (247 SE2d 207) (1978). In his brief Morrison contends that he has been hurt because he has been threatened with probation revocation proceedings even though he has already paid approximately one-fourth of the total amount of restitution. These facts, however, are unsupported by the record. This court will not engage in mere speculation; we will not review factual representations in a brief which are unsupported by the record. *Melton v. State*, 175 Ga. App. 472 (1) (333 SE2d 682) (1985). We find that defendant has failed to show that the trial court's order of joint and several liability on the restitutionary amount was unreasonable or that he has been harmed thereby.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 5, 1987.

*Kenneth W. Krontz, David M. Bowen*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.