## 76553. HAYLES v. THE STATE.
(372 SE2d 668)

BENHAM, Judge.

This is an appeal from an order denying a plea in bar which was based on OCGA § 16-1-7 (b). Appellant was charged with having an improper tag, driving without insurance, and driving after being declared a habitual violator. According to appellant's counsel, it was when appellant appeared for a trial in the Municipal Court of Peachtree City that he learned that the habitual violator charge had been bound over to superior court and that appellant had waived a committal hearing. The record contains appellant's written waiver of that hearing and an order binding the charge over to superior court, both dated the same date the charges against appellant were brought. After appellant pleaded guilty to the two minor charges in municipal court, he was indicted for the habitual violator offense. He filed a plea in bar, asserting that the State's failure to try him for all the offenses at once required that he be acquitted of the remaining charge. The trial court denied the plea and we affirm that ruling.

1. The second of appellant's two enumerated errors is that the trial court made findings of fact without permitting appellant to put on evidence. The transcript of the hearing on the plea shows, however, that the trial court did not refuse to permit appellant to put on evidence; appellant made no effort to do so. Appellant made no suggestion in the trial court that there was any evidence to be offered. We find no merit in that enumeration of error.

2. The burden was on appellant to show that further prosecution

was barred by the previous prosecution. *State v. Fowler*, 182 Ga. App. 897 (357 SE2d 329) (1987). That burden included a showing that the proper prosecuting attorney had actual knowledge of all the charges. *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987). Appellant made no such showing, relying instead on an argument that any prosecutor who saw a habitual violator charge would know that there must have been other charges along with it. That sort of constructive knowledge was rejected in *Baker*, supra. Appellant, having failed to carry his burden, was not entitled to have the prosecution for driving after being declared a habitual violator barred.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Scott L. Ballard*, for appellant.

*Johnnie L. Caldwell, Jr.*, District Attorney, *William H. Stevens*, Assistant District Attorney, for appellee.