## S90A0546. WHALEY v. THE STATE.
(393 SE2d 681)

FLETCHER, Justice.

In *Kolker v. State,* 260 Ga. 240 (391 SE2d 391) (1990), we held that the Georgia Constitution of 1983 breathed constitutional life into OCGA § 40-13-21 (a), which gives municipal courts jurisdiction over State misdemeanor traffic laws.

OCGA § 40-13-21 gives both probate courts and municipal courts jurisdiction over such laws. Subsection (b) provides that "[t]he probate courts shall have jurisdiction . . . in all misdemeanor cases arising under the traffic laws of this state in all counties of this state in which there is no city, county, or state court, provided the defendant waives a jury trial." Prior to its 1989 amendment, subsection (b) vested "like jurisdiction" in municipal courts.

In 1989, that portion of subsection (b) giving probate courts and municipal courts "like jurisdiction" was repealed, and subsection (b) now provides that "all municipal courts are granted jurisdiction to try and dispose of misdemeanor traffic offenses arising under state law . . . whether or not there is a city, county, or state court in such county, if the defendant waives a jury trial. . . ." On this basis, the appellant argues that prior to 1989, municipal courts did not have jurisdiction over State misdemeanor traffic laws in counties in which there was a "city, county, or state court."

The resolution of this argument requires a review of the constitutional and statutory history of this jurisdictional grant to municipal and probate courts, as well as the legislative intent underlying the 1982 enactment of the "Official Code of Georgia."

Article VI, Section VI, Paragraph II of the Georgia Constitution of 1945 (Code Ann. § 2-4102), which was originally enacted in 1937 as an amendment to the Georgia Constitution of 1877, vested the court

of ordinary (now probate court) with jurisdiction over misdemeanor cases arising under the Georgia State Highway Patrol Act of 1937 "in all counties of this State in which there [was] no city or county court, provided the defendant waives a jury trial." Ga. L. 1937, pp. 558, 559. "Like jurisdiction" was conferred upon the judges of the police courts of incorporated cities and municipal court judges for offenses arising within their respective jurisdiction. Id.

In *Clarke v. Johnson,* 199 Ga. 163 (33 SE2d 425) (1945), this Court held that it was the intention of the framers of this amendment to confer jurisdiction upon police and municipal courts with the same restrictions as were imposed upon courts of ordinary, so that the jurisdictional grant in police and municipal courts was conditioned upon the defendant's waiver of jury trial as well as the absence of a city or county court in the county wherein the police or municipal court was situated.

However, the intent of the highway patrol act was to vest *all* municipal courts with jurisdiction over misdemeanor cases arising under the act, notwithstanding the fact that there may have been a city or county court in the county. In this regard, although section 2 of the highway patrol act vested "like" jurisdiction in probate courts and municipal courts, section 3 of the act went on to provide that "all municipal courts and police courts shall have jurisdiction to dispose of misdemeanor cases . . . within the territorial limits of their respective jurisdictions. . . ." The provisions of section 3 of the act were not, however, incorporated into the constitutional amendment. Section 3 of the act became Code Ann. § 92A-503; and when Code Chapter 92A-5 became Article 2 of Chapter 13 of Title 40 of the Official Code of Georgia, Code Ann. § 92A-503 was not reenacted.

OCGA § 1-1-2 states that the enactment of the Official Code of Georgia was "not intended to alter the substantive law in existence on the effective date of this Code." See *Porter v. State,* 168 Ga. App. 703 (309 SE2d 919) (1983); *Georgia v. Harrison Co.,* 548 FSupp. 110 (7) (N.D. Ga. 1982). As provided in OCGA § 1-1-2, the enactment of the Official Code was intended to resolve conflicts which existed in the law and to repeal those laws which had become obsolete, which had been declared unconstitutional or invalid, or which had been superseded by the enactment of later laws. Ordinarily we will not look behind the Code, but when the Official Code has omitted a code section in such a way as to alter the substantive law and the General Assembly immediately acts to restore the former substantive law, it is proper to apply the former law so as to maintain the continuity of the General Assembly's intent. See *Porter v. State,* supra.

It is certainly true that to the extent that the highway patrol act vested municipal courts with broader jurisdiction than that contained in the 1937 constitutional amendment, the latter would control.

Nonetheless, we do conclude that under the statutory provisions contained in OCGA § 40-13-21, it was in 1937, and continues to be, the intent of the legislature to vest *all* municipal courts with jurisdiction over state misdemeanor traffic laws.

In this case, the appellant was apprehended by a police officer of the City of Griffin on July 17, 1988, and he was charged with driving with a suspended license and speeding in violation of OCGA §§ 40-5-121 and 40-6-181, respectively. He was convicted of these offenses in municipal court based upon his entry of guilty pleas on July 28. On October 3, he was indicted in the Superior Court of Spalding County for a violation of OCGA § 40-5-58, based upon his operation of a motor vehicle on July 17 after he had been notified that he had been declared a habitual violator.

Appellant filed a motion to dismiss the indictment on double-jeopardy grounds in that his same conduct established the commission of all crimes. See OCGA § 16-1-6 et seq.; *Harmon v. State*, 235 Ga. 329 (2) (219 SE2d 441) (1975); *Moreland v. State*, 183 Ga. App. 113 (1) (358 SE2d 276) (1987); see also *Burroughs v. State*, 246 Ga. 393 (271 SE2d 629) (1980). But see *Hayles v. State*, 188 Ga. App. 281 (2) (372 SE2d 668) (1988). By order, the superior court denied the double-jeopardy plea. The court also ruled that in vesting the municipal court with jurisdiction over state misdemeanor offenses, OCGA § 40-13-21 (a) was unconstitutional. Under our decision herein, the latter ruling was incorrect, and the case is therefore remanded to the trial court for reconsideration of appellant's double-jeopardy plea.

*Judgment reversed and case remanded. All the Justices concur, except Bell, J., who dissents; Benham, J., not participating.*

BELL, Justice, dissenting.

For the reasons that follow, I dissent.

1. The majority relies on former Code Ann. § 92A-503 to find that since 1937 it has been the intent of the General Assembly to vest all municipal courts with jurisdiction over misdemeanor traffic cases.

That Code section provided

[a]ll municipal courts and police courts shall have jurisdiction to dispose of misdemeanor cases *as provided by this Chapter* which arise within the territorial limits of their respective jurisdictions, as now or hereafter fixed by law. [Emphasis supplied.]

Former Code Ann. § 92A-503 did not delineate jurisdiction over misdemeanor cases by its own terms. Instead, it provided that jurisdiction over such cases would be "as provided by this Chapter." Thus, under former Code Ann. § 92A-503 one had to refer to other provi-

sions of Chapter 5 of Title 92A to determine the jurisdiction of municipal courts. The relevant provision was former Code Ann. § 92A-502, now OCGA § 40-13-21, which limited municipal-court jurisdiction over misdemeanor cases to municipal courts in counties in which there was no city or county court.

Accordingly, even if former Code Ann. § 92A-503 should have been carried forward into the 1981 Code as part of § 40-13-21 (but see Division 2 of this dissent), jurisdiction of municipal courts in 1988 (when this case arose) would still have been "as provided by this Chapter," that is, § 40-13-21. In 1988, before the amendment of § 40-13-21 in 1989, § 40-13-21 provided that municipal courts in counties in which there were state courts did not have jurisdiction over misdemeanor traffic offenses.

For the foregoing reasons, I conclude that the General Assembly did not intend from 1937 to 1989 that municipal courts have jurisdiction over all traffic cases. Further, in the instant case, I conclude the municipal court did not have jurisdiction over Whaley's offense.

2. Moreover, even if former Code Ann. § 92A-503 has the significance that the majority attaches to it, then it was unconstitutional when enacted in 1937, and was still unconstitutional at the time the Code of 1981 was codified, and was therefore properly deleted by the codifiers in 1981.

At the time of the enactment of former Code Ann. § 92A-503, a 1937 constitutional amendment provided that municipal courts had jurisdiction over traffic cases only in counties where there was no city or county court, see Art. VI, Sec. VI, Par. II of the 1945 Georgia Constitution (Code Ann. § 2-4102), and therefore § 92A-503 (as interpreted by the majority) was unconstitutional. The statute remained unconstitutional under the 1976 Georgia Constitution, Art. VI, Sec. VI, Par. II (Code Ann. § 2-3502) (same provision regarding municipal courts as 1945 Constitution). Thus, the statute was unconstitutional when the Code of 1981 was drafted.

OCGA § 1-1-2 provides that the Code of 1981 was enacted to "revise and modernize and to repeal those laws which are obsolete as a result of the passage of time or other causes. . . ." As § 92A-502 was "obsolete . . . because of . . . constitutional principles," *Stepperson, Inc. v. Long*, 256 Ga. 838, 844 (353 SE2d 461) (1987), I conclude that § 92A-502 was correctly not carried forward to the Code of 1981. *Stepperson*, supra, 256 Ga.

DECIDED JULY 11, 1990 —
RECONSIDERATION DENIED JULY 27, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn,*

for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Sharon J. Law, Assistant District Attorneys,* for appellee.