## 29737. CHANDLER v. AULT.

GUNTER, Justice.

On September 25, 1974, appellant, a state prisoner confined in Tattnall County, filed in the Superior Court of Fulton County a pro se "Petition for Writ of Mandamus" against the Commissioner of Offender Rehabilitation. The petition was poorly written and difficult to understand, but it alleged essentially that Chandler was tried and convicted of two offenses in March, 1966, in the Superior Court of Fulton County and given consecutive sentences of twenty and ten years; that he was attacking the validity of only the second sentence because it was preventing him from being paroled; and that the sentence was illegally imposed and was the result of an involuntary guilty plea and ineffective counsel. After hearing the case, the trial court found that Chandler had been considered for parole in February, 1973, and in February, 1974; and that he had not been denied his opportunity to make parole. The petition for writ of mandamus was denied.

In large part, appellant's pleading was in the nature of a petition for a writ of habeas corpus. To that extent, the pleading was improperly filed in Fulton County; and the trial court correctly declined to rule on the habeas corpus claims presented. See Code Ann. § 50-127 (3); *Neal v. State,* 232 Ga. 96 (205 SE2d 284) (1974); *Gude v. State,* 229 Ga. 831 (194 SE2d 445) (1972).

Mandamus does not lie to control the discretionary functions of a public officer unless there is a gross abuse of discretion. Code § 64-102; *Allen v. Carter,* 226 Ga. 727, (177 SE2d 245) (1970). No abuse of discretion was shown in the present case. However, mandamus will lie to compel the Board of Pardons and Paroles to consider and pass upon the application for parole of a prisoner who is eligible for parole. *Matthews v. Everett,* 201 Ga. 730 (41 SE2d 148) (1947). In the present case, the trial court found

that the Board of Pardons and Paroles had properly considered and passed upon appellant's application. The judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED MAY 6, 1975.

Phillip Chandler, *pro se.*

Arthur K. Bolton, *Attorney General,* Lois F. Oakley, *Deputy Assistant Attorney General,* for appellee.