## 37172, 37173. DEVELOPMENT AUTHORITY OF DeKALB COUNTY v. BEVERLY ENTERPRISES; and vice versa.

GREGORY, Justice.

Article IX, Section VIII, Paragraph II of the Georgia Constitution (Code Ann. § 2-6502) provides:

"The development of trade, commerce, industry and employment opportunities is hereby declared to be a public purpose vital to the welfare of the people of this State. The General Assembly may create Development Authorities to promote and further such purposes or may authorize the creation of such an Authority by any county or municipal corporation . . . as it may deem necessary. The General Assembly may exempt from taxation Development Authority obligations, properties, activities or income and may authorize the issuance of Revenue Obligations by such Authorities which shall not constitute an indebtedness of the State within the meaning of Section VII of this Article [§§ 2-6401 through 2-6404]."

In 1969, the General Assembly passed the Development Authorities Law (Code Ann. § 69-1501, et seq.), pursuant to this constitutional authority. In 1980, the law was amended to provide that the term "project" would include "any one or more buildings or structures used or to be used as a skilled nursing home or intermediate care home subject to regulation and licensure by the Department of Human Resources and all necessary, convenient or related interests in land, machinery, apparatus, appliances, equipment, furnishings, appurtenances, site preparation, landscaping and physical amenities." Code Ann. § 69-1501 (e) (11). Under Code Ann. § 69-1505, no "project" may be operated by an authority but must be leased or sold to private entities. Revenue bonds may be issued to pay for all or part of the cost of the project.

Beverly Enterprises is in the business of owning or leasing and managing health care facilities, particularly skilled and intermediate care nursing homes. Beverly wanted to acquire a health care facility known as the Moody Nursing Home. In November, 1980, Beverly requested the Development Authority of DeKalb County to adopt a resolution authorizing the issuance of tax exempt bonds to finance the project. The Authority refused to act on the resolution on the ground that it had been advised that the portion of the Development Authorities Law pertaining to nursing homes was unconstitutional. Beverly brought an action for mandamus against the Authority seeking to require it to consider the bond resolution.[1] On motion for summary judgment, the trial court found (1) that Code Ann. § 69-1501 (e) (11) was constitutional and (2) that in order to be eligible for financing with tax-exempt bonds under the law there must be a showing that the facility to be financed would increase or maintain employment in the territorial area of the authority issuing the bonds. The Authority appeals the finding of constitutionality. Beverly appeals the requirement of showing an increase or maintenance of employment.

We granted expedited review.

(1) The Authority argues that since the constitutional amendment (Code Ann. § 2-6502) does not specifically list the provision of health care as a public purpose to be promoted by

---

[1] We note here that mandamus does not lie to compel an act which is absolutely discretionary, unless there has been a gross abuse of discretion. Code Ann. § 64-102. However, mandamus will lie to compel the exercise of that discretion. See *Chandler v. Ault,* 234 Ga. 346 (216 SE2d 101) (1975) involving the Board of Pardons and Paroles.

development authorities, Code Ann. § 69-1501 (e) (11) is unauthorized and unconstitutional. The Authority's reliance on *Beazley v. DeKalb County,* 210 Ga. 41 (77 SE2d 740) (1953) and *Tippins v. Cobb County Parking Authority,* 213 Ga. 685 (100 SE2d 893) (1957) is misplaced. Both of those cases dealt with a different, more restrictive constitutional provision. On the other hand, the language of Code Ann. § 2-6502 is very broad and general. Health care need not be listed in the Constitution as a public purpose all its own for nursing homes to be a proper project under the Development Authorities Law. If nursing homes are projects which further the development of trade, commerce, industry or employment opportunities, Code Ann. § 69-1501 (e) (11) is constitutional to the extent it has been challenged here.

"Industry" has been defined as "any department or branch of art, occupation, or business conducted as a means of livelihood or for profit; especially, one which employs much labor and capital and is a distinct branch of trade." Black's Law Dictionary, (4th Ed. 1968) pg. 916. The term "nursing home" appears to fit within this definition and the Authority has not proven that it does not. Since a statute properly enacted is presumed to be constitutional, *Bryan v. Georgia Public Service Commission,* 238 Ga. 572, 573 (234 SE2d 784) (1977), and the Authority had not proven otherwise, we find that Code Ann. § 69-1501 (e) (11) is not contrary on its face to the amendment to the Georgia Constitution found in Code Ann. § 2-6502.

(2) It is conceded by both parties that Beverly's acquisition of the Moody Nursing Home will increase or maintain employment in DeKalb County. We, therefore, need not address Beverly's contention in its cross-appeal that such a showing is not required under the law.

*Judgment in case no. 37172 affirmed; case no. 37173 dismissed as moot. All the Justices concur.*

DECIDED JANUARY 30, 1981.

*Chesnut & Livingston, J. David Chesnut, Gregory T. Presmanes,* for appellant.

*Kutak, Rock & Huie, R. William Ide, III, Margaret M. Joslin, Laura T. Matlaw,* for appellee.

*Arnall, Golden & Gregory, Marc L. Peterzell, Lawrence H. Neville, Peterson, Young, Self & Asselin, Jerry G. Peterson, R. Hal Meeks, Jr.,* amicus curiae.