### 38061. DAY et al. v. DEVELOPMENT AUTHORITY OF THE CITY OF ADEL et al.

HILL, Presiding Justice.

Certain taxpayers in the City of Adel, several of them owners and operators of grocery stores in Adel, filed suit seeking to enjoin the Development Authority of the City of Adel from developing facilities to be used as a retail grocery store by the J. H. Harvey Company.

The parties entered into stipulations of fact, including the following: The Authority has agreed to participate in a project to acquire and improve land in Adel to be used as a retail grocery store by the J. H. Harvey Company, a privately owned corporation; the Authority has purchased the land for $75,000 with borrowed funds and intends to borrow additional funds to construct improvements on the property (in accordance with plans and specifications provided by the Harvey Company) to be used by the Company as a retail grocery store; upon completion of the improvements the Authority will provide the property and improvements to the Company under a lease-purchase agreement which will allow the Company to use and eventually acquire the land and improvements for the unamortized cost to the Authority; the property and improvements will be operated for profit by the Company as a retail grocery store; the retail grocery store will employ labor and capital and furnish employment opportunities; and under the lease-purchase arrangement the Company will have the advantage of lower than generally available interest rates because the Authority can obtain bonds at these lower rates. The trial court denied the plaintiff's prayers for temporary and permanent injunctions, whereupon the plaintiffs filed this appeal.

The plaintiffs contend that the acquisition and improvement of property by a local development authority for lease to a private

company for use as a retail grocery store is not authorized by the Development Authorities Law. Ga. L. 1969, p. 137, as amended (Code Ann. § 69-1501 et seq.). We agree.

The 1968 constitutional amendment pursuant to which the Development Authorities Law was enacted provides in relevant part that: "The development of trade, commerce, industry and employment opportunities is hereby declared to be a public purpose vital to the welfare of the people of this State. The General Assembly may create Development Authorities to promote and further such purposes or may authorize the creation of such an Authority by any county or municipal corporation or combinations thereof under such uniform terms and conditions as it may deem necessary." Ga. Const. Art. IX, Sec. VIII, Par. II (Ga. L. 1968, p. 1606; Code Ann. § 2-6502).

Notwithstanding this broad authority to establish Development Authorities to promote the "development of trade, commerce, industry and employment opportunities," the General Assembly enacted a substantially more limited statute. The 1969 Development Authority Law gives local development authorities the power, among others, to acquire real property as part of any "project," to construct, acquire, and improve "projects," and to borrow money and issue revenue bonds to pay the cost of any "project." Code Ann. § 69-1504 (e) (k) (1). The law defines those "projects" which a development authority may acquire, construct and finance, as follows (Code Ann. § 69-1501, as amended; omitting the first one): (2) industrial facilities, including research and development facilities; (3) properties which an industrial concern desires to use in connection with a plant or facility; (4) air and water pollution control facilities; (5) sewage and solid waste disposal facilities; (6) peak shave (natural gas) facilities; (7) air transportation facilities and community antenna television systems; (8) sports facilities, convention and trade show facilities, including adjacent hotel and motel facilities, local electric and gas facilities, and water facilities; (9) industrial parks; (10) certain office building facilities; and (11) nursing homes.

Only items (2) and (3), above, are arguable. There is a difference in being part of an industry (e.g., agricultural industry) and operating an industrial facility or plant. We find that a grocery store is not an industrial facility or plant within the meaning of the act, which returns us to the first definition of a "project": "Any . . . buildings or structures to be used in the production, manufacturing, processing, assembling, storing or handling of any agricultural, manufactured, mining or industrial product, or any combination of the foregoing. . . ." While it might be argued that a retail grocery store is a building used in the assembling, storing and handling of agricultural products, we find that this definition was not intended to encompass retail

grocery stores, just as it was not intended to encompass gasoline filling stations, or retail hardware, clothing or drug stores (storing and handling manufactured products), restaurants or fast food outlets (assembling and handling agricultural products), or similar endeavors. We do this notwithstanding the declaration that the Development Authorities Law is to be liberally construed. Code Ann. § 69-1508. Liberally, but not ultra-liberally.

Thus it can be seen that the General Assembly has not utilized its constitutional authority to define projects to include all the trade and commerce in this state. See Code Ann. § 69-1507. If the General Assembly wants to define projects to include grocery stores, it may do so as it did regarding nursing homes. See *Development Authority of DeKalb County v. Beverly Enterprises,* 247 Ga. 64 (274 SE2d 324) (1981). The decision in that case, holding that the inclusion of nursing homes in the Development Authorities Law was authorized by the 1968 constitutional amendment, is not contrary to our decision here.

Having determined that the proposed project is not a permissible one under the statute, we find it unnecessary to consider plaintiff's remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

Decided November 13, 1981.

*Reinhardt, Whitley & Rogers, Bob Reinhardt,* for appellants. *Kutak, Rock & Huie, R. William Ide III,* amicus curiae. *Virgil D. Griffis,* for appellees.