A99A1941. GEORGIA-PACIFIC CORPORATION v. TALBOT
COUNTY BOARD OF TAX ASSESSORS.
(526 SE2d 914)

PHIPPS, Judge.

This is an ad valorem tax dispute involving 50 tracts of land owned by Georgia-Pacific Corporation in Talbot County. These tracts are classified by the State Revenue Department as woodlands and were appraised by the Talbot County Board of Tax Assessors at an average value of $561 per acre in 1998. Georgia-Pacific appealed these valuations without success to the Talbot County Board of Tax Assessors and Board of Equalization. The Board of Tax Assessors found the valuations to be in line with those of comparable properties.

In an appeal by Georgia-Pacific to the superior court, the case was tried before a jury. Georgia-Pacific sought to admit as evidence of comparable properties 24 privately owned woodland tracts appraised by the Board of Tax Assessors at an average value of $371 per acre. At the commencement of trial, the court granted the Board's motion in limine to exclude evidence concerning 19 of these 24 tracts on the ground that they are not comparable to Georgia-Pacific's properties because they are classified as "bona fide conservation use property" under OCGA § 48-5-7.4. Georgia-Pacific appeals judgment on a jury verdict leaving the valuations of its tracts unchanged.

To qualify as bona fide use conservation property, a tract cannot be more than 2,000 acres and must either be (1) environmentally sensitive property or (2) devoted to subsistence farming, or commercial production of agricultural products or timber, and owned by (or for the benefit of) individual citizens, nonprofit organizations, or family-owned farm entities.[1] The owner must also agree by covenant with the appropriate taxing authorities to maintain the property in bona fide qualifying use for a ten-year period, and the property must be so maintained.[2] If this is done, the property then qualifies for a "current use assessment" computed in accordance with a table of values established by the Commissioner of the Department of Revenue

---

[1] OCGA § 48-5-7.4 (a).
[2] OCGA § 48-5-7.4 (d), (g).

under OCGA § 48-5-269,[3] and the property is assessed for property tax purposes at 40 percent of its current use value rather than fair market value.[4] If the covenant is breached, a penalty is supposed to be imposed based on twice the difference between the amount paid under the current use assessment and the amount that would have been paid under a fair market value assessment.[5] Although property subject to a current use assessment must be separately classified from all other property on the county tax digest,[6] the taxing authority must continue to provide the taxpayer with annual notification of any change in fair market value.[7]

At trial, testimony given by Thomas Bussey, Chairman and Chief Appraiser of the Talbot County Board of Tax Assessors, showed that the Board does not calculate "current use value" and "fair market value" for conservation use properties as those terms are used in OCGA § 48-5-7.4. Instead, the Board determines the fair market value of such properties in the same manner that the fair market value of real property is generally determined, i.e., by taking into consideration all pertinent factors including the covenants imposing use restrictions.[8] But Bussey further testified that, as a rule of thumb, the Board reduces the valuation of conservation use properties by a factor of 25 percent as a result of these restrictions.

Initially, the court agreed to admit evidence of the Board's valuations of the conservation use properties so long as it was shown that these valuations are arrived at by applying a 25 percent reduction factor as a result of the existence of the use covenants. Without explanation, the court then reversed itself and granted the Board's motion in limine stating its agreement with the Board that "it's apples and oranges." *Held*:

The 19 privately owned tracts qualify as conservation use properties because they are each less than 2,000 acres, devoted to production of timberland, and owned by individuals. The 50 tracts owned by Georgia-Pacific are also timberlands and less than 2,000 acres each but, because of their corporate ownership, cannot qualify for conservation use. For comparability purposes, the privately owned tracts differ from the corporate tracts only because they have so qualified and are thus subject to conservation use restrictions. Consequently, the value which the privately owned tracts would have absent the restrictions has relevance in this case. Because

---

[3] OCGA § 48-5-7.4 (v).
[4] OCGA § 48-5-7 (a), (c.2).
[5] OCGA § 48-5-7.4 (l).
[6] OCGA § 48-5-7.4 (r).
[7] OCGA § 48-5-7.4 (j) (2).
[8] OCGA § 48-5-2 (3) (B) (i)-(iv).

OCGA § 48-5-7.4 requires a determination of the values of conservation use properties independent of the use restrictions, and because the methodology employed by the Talbot County Board of Tax Assessors allows such values to be extrapolated from the valuations appearing in the Talbot County tax digest, the trial court abused its discretion in granting the Board's motion in limine.[9]

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 14, 1999.

*Jones, Cork & Miller, Hubert C. Lovein, Jr.*, for appellant.
*William C. Moore*, for appellee.

---

[9] See generally *Woodall v. Rivermont Apts., L.P.*, 239 Ga. App. 36 (520 SE2d 741) (1999).