A04A0562. HICKS et al. v. FLORIDA STATE BOARD OF ADMINISTRATION et al.
(594 SE2d 745)

ELDRIDGE, Judge.

Defendants/appellants Juanita Hicks, in her official capacity as Clerk of Superior Court of Fulton County, and Bart L. Graham, in his official capacity as Revenue Commissioner of the State of Georgia, appeal from the judgment of the superior court granting plaintiffs/appellees the Florida State Board of Administration ("Board") and Buckhead Atlanta Plaza, Inc.'s motion for summary judgment, denying defendants/appellants' cross-motion for summary judgment, and holding that the Board and Buckhead Atlanta Plaza were entitled to be exempt from payment of the Georgia real estate transfer tax as a "public authority" under OCGA § 48-6-2 (a) (3). Finding the trial court's ruling to be in error, we reverse.

The Board is a Florida public authority that was created and organized under Florida law to discharge the public responsibility of administering the Florida Retirement System Trust Fund. The Florida Retirement System Trust Fund was created by the Florida Legislature as part of the Florida State Treasury to receive compulsory contributions from the public employees of the State of Florida and various other state and local government units. The Board invests some of the Florida Retirement System Trust Fund's money in real estate. On November 8, 1999, the Board organized Buckhead Atlanta Plaza, Inc. as a corporation under the Florida Business Corporation

Act for the purpose of acquiring title to certain real property in Atlanta, collecting income from such property, and remitting the entire amount of income from such property (less necessary expenses) to the Board. Upon distribution and liquidation, the Articles of Incorporation require that Buckhead Atlanta Plaza's net assets be distributed to the Board. Buckhead Atlanta Plaza's certificate of authority to do business in Georgia shows it to be a foreign for-profit corporation.

On November 23, 1999, Buckhead Atlanta Plaza purchased a commercial office building from One Atlantic Plaza Company, LLC for $114,800,000 to engage in the proprietary business of leasing commercial office space. In connection with the conveyance and the recording of the warranty deed on the property, pursuant to OCGA § 48-6-1, Buckhead Atlanta Plaza paid Georgia real estate transfer tax in the amount of $114,800 to Juanita Hicks, Clerk of Superior Court of Fulton County, as agent for the Georgia Department of Revenue.

On March 8, 2000, pursuant to OCGA § 48-6-7, the Board filed a timely transfer tax protest and claim for refund with the State Revenue Commissioner protesting the payment of the real estate transfer tax in connection with the sale of the property. On June 12, 2001, the commissioner denied the Board's request, finding that the exemption set out under OCGA § 48-6-2 (a) (3) applied only to public authorities of this State and the United States, and thus, as a Florida public authority, the Board was not entitled to a refund under the exemption.

Thereafter, the Board and Buckhead Atlanta Plaza filed an appeal in the Superior Court of Fulton County, the county where the disputed tax was originally collected. See OCGA § 48-6-7 (b) (taxpayer whose claim for refund is denied by the commissioner may bring action for refund in the county which collected the disputed tax). On cross-motions for summary judgment filed by the parties, the trial court granted summary judgment to the Board and Buckhead Atlanta Plaza and denied summary judgment to the Clerk of the Fulton County Superior Court and the Revenue Commissioner of the State of Georgia finding that the Board and Buckhead Atlanta Plaza were entitled to an exemption to the payment of real estate transfer tax, because OCGA § 48-6-2 (a) (3) applied to all public authorities including those of foreign states. Judgment was entered in favor of the Board and Buckhead Atlanta Plaza in the amount of $114,800 as a refund of Georgia real estate transfer tax previously paid. *Held*:

1. Georgia imposes a real estate transfer tax on the transfer of real property in this state. See OCGA § 48-6-1. Liability for the real estate transfer tax is upon either the person who executes the deed,

instrument, or other writing or the person for whose use or benefit the deed, instrument, or other writing is executed. See OCGA § 48-6-3. The tax becomes due at the time the deed, instrument, or other writing is filed in the deed records of the superior court of the county in which the real property is located. See OCGA § 48-6-4 (a). Our legislature has enacted exemptions from the real estate transfer tax which include an exemption for

> [a]ny deed, instrument, or other writing to which any of the following is a party: the United States; this state; any agency, board, commission, department, or political subdivision of either the United States or this state; *any public authority*; or any nonprofit public corporation.

(Emphasis supplied.) OCGA § 48-6-2 (a) (3). The Clerk of Fulton County Superior Court and the Georgia Revenue Commissioner contend that in granting an exemption to "any public authority" the legislature intended to limit the exemption to public authorities of this State or the United States. We agree.

" 'The cardinal rule of statutory construction is to ascertain the legislative intent and purpose in enacting the law and to construe the statute to effectuate that intent. (Cit.)' *Ferguson v. Ferguson*, 267 Ga. 886, 887 (1) (485 SE2d 475) (1997)." *Ga. Receivables v. Welch*, 242 Ga. App. 146, 148 (529 SE2d 164) (2000). Further,

> [w]here statutory provisions are ambiguous, courts should give great weight to the interpretation adopted by the administrative agency charged with enforcing the statute. Although this Court is "not bound to blindly follow" an agency's interpretation, we defer to an agency's interpretation when it reflects the meaning of the statute and comports with legislative intent.

(Footnotes omitted.) *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 791 (2) (582 SE2d 109) (2003). The Revenue Commissioner has "the power to make and publish reasonable rules and regulations not inconsistent with this title or other laws or with the Constitution of this state or of the United States for the enforcement of this title and the collection of revenues." OCGA § 48-2-12. Here, while the Revenue Commissioner did not promulgate a rule or regulation defining which public authorities were entitled to an exemption from transfer tax, in his denial of the Board and Buckhead Atlanta Plaza's request for refund, he found that the exemption set out in OCGA § 48-6-2 (a) (3) applied only to public authorities of this State and the United States. As the Revenue Commissioner's decision reflects the meaning of the statute and comports with the legislative intent, we give deference to

it just as we would a rule or regulation promulgated under OCGA § 48-2-12. See generally *Ins. Dept. &c. of Ga. v. St. Paul Fire &c. Ins. Co.*, 253 Ga. App. 551 (559 SE2d 754) (2002); *Commr. of Ins. v. Stryker*, 218 Ga. App. 716 (463 SE2d 163) (1995).

The real estate transfer tax statute was first enacted in 1967. At such time, the only exemption provided for was "any instrument or writing given to secure a debt." Ga. L. 1967, p. 788, § 3. In 1968, the Exemption Statute was amended to include, inter alia, "any instrument or writing executed by any agency of the State of Georgia or the U. S. Government or by any political subdivision of either of them, *or by any public corporation or authority.*" (Emphasis supplied.) Ga. L. 1968, p. 1102, § 1.

> "It is a well-recognized rule of construction that when a statute or document enumerates by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis[1] with the things specifically named, unless, of course, there is something to show that a wider sense was intended." *Beavers v. LeSueur*, 188 Ga. 393 (3) (3 SE2d 667) (1939).

(Citations omitted.) *State of Ga. v. Mulkey*, 252 Ga. 201, 203 (2) (312 SE2d 601) (1984). The 1968 amendment enumerated by name several particular things, i.e., any agency of the State of Georgia or the U. S. Government, any political subdivision of either of them and concluded with a general term of enlargement, i.e., "any public corporation or authority," set off by a comma. Therein, there was nothing to show that a wider sense was intended by the general term of enlargement, and thus, the phrase "any public corporation or authority" must be read to be limited by the particular terms that precede it.

Additionally, when this amendment was enacted, the Georgia Constitution contained a similar provision, the Intergovernmental Contracts Clause, which provided "[t]he State [or] state institutions . . . may contract for any period not exceeding fifty years, with each other or with any public agency, public corporation or authority now or hereafter created." 1945 Ga. Const., Art. VII, Sec. VI, Par. I (former Ga. Code Ann. § 2-5901). In 1956, the Supreme Court interpreted this language as limited to Georgia public authorities. See *State of Ga. v. Blasingame*, 212 Ga. 222 (91 SE2d 341) (1956). Therefore, in 1968 when the legislature enacted the amendment at issue here, it did so with the understanding that such wording and punctuation did not include public authorities of other states. See *Dudley v.*

---

[1] In Latin, "ejusdem generis" means "of the same kind or class." Black's Law Dictionary, p. 535 (7th ed. 1999).

*State*, 273 Ga. 466, 468 (542 SE2d 99) (2001) ("[I]t is presumed that statutes are enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it. [Cit.]"). Consequently, we conclude that the legislature intended to exempt only the public authorities of this State and the U. S. Government and did not intend to include public authorities of other states when it amended the Exemption Statute to include public corporations and authorities.

In 1978, the Georgia Public Revenue Code was completely recodified. See Ga. L. 1978, p. 309, § 2. It was the legislative intent at such time to modernize the language of the Code without making "any substantive change in the revenue laws of this State, except as expressly provided for in this Act." Ga. L. 1978, pp. 310, 311. The pertinent language of the Exemption Statute was changed to read "[a]ny instrument or writing executed by any agency or political subdivision of the State or of the United States Government or by any public authority or nonprofit public corporation." Ga. Code Ann. § 91A-3003, enacted by Ga. L. 1978, p. 309, § 2. In this version of the Exemption Statute, the term "any public authority" is not set off from the rest of the exemption by any punctuation indicating the scrivener's understanding that all the terms in the statute were to be read together, thus continuing to limit the exemption to public authorities of this State and the United States.

As next amended in 1980, the Exemption Statute read "any deed, instrument or other writing to which any of the following is a party: the United States, the State of Georgia, any agency, board, commission, department or political subdivision of either the United States or the State of Georgia, any public authority or nonprofit public corporation." Ga. L. 1980, p. 491, § 1. In this amendment, the phrase "public authority or nonprofit corporation" was set off from the preceding portion of the statute with a comma like the original enactment of exemption for public authorities in 1968.

In 1981, the Georgia Laws were completely recodified. Ga. L. 1981, Extraordinary Session, p. 8. The purpose of the recodification was only

> to recodify, revise and modernize the general laws of Georgia. *Whaley v. State*, 260 Ga. 384 (393 SE2d 681) (1990). See also *Kumar v. Hall*, 262 Ga. 639, 643 (423 SE2d 653) (1992) (Michie Code only intended as a recodification and modernization of the old Code). Accord *Worley v. State*, 265 Ga. 251, 253 (454 SE2d 461) (1995); *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419 (1) (405 SE2d 61) (1991).

*Charter Med. Information Svcs. v. Collins*, 266 Ga. 720, 722 (470 SE2d 655) (1996). See OCGA § 1-1-2 ("[e]xcept as otherwise specifi-

cally provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code"). In this recodification, the wording of the statute was changed to read as follows:

> [a]ny deed, instrument, or other writing to which any of the following is a party: the United States; this state; any agency, board, commission, department, or political subdivision of either the United States or this state; *any public authority*; or any nonprofit public corporation.

(Emphasis supplied.) OCGA § 48-6-2 (a) (3). This portion of the Exemption Statute has not been further amended to date. The only difference in this statute and the previous statute is the interchanging of the words "this state" with "the State of Georgia" and the replacing of certain commas with semi-colons. The original legislative intent that the exemption for public authorities apply only to public authorities of this State and the United States cannot be altered by such minor grammatical changes. The changing of the comma that immediately preceded the phrase "any public authority" to a semi-colon does not, as the Board and Buckhead Atlanta Plaza contend, place such phrase in a separate clause with its own qualifying language, making such exemption apply to "any" public authority including those of foreign states.

2. Further, it is a fundamental rule that while taxing statutes are construed liberally against the taxing authority, exemptions are construed narrowly against the taxpayer and in favor of the tax.

> Taxation is the rule, and exemption from taxation the exception. *Athens City Waterworks Co. v. Mayor, etc. of Athens*, 74 Ga. 413 (1885). And exemptions are made, not to favor the individual owners of property, but in the advancement of the interests of the whole people. Exemption, being the exception to the general rule, is not favored; but every exemption, to be valid, must be expressed in clear and unambiguous terms, and, when found to exist, the enactment by which it is given will not be enlarged by construction, but, on the contrary, will be strictly construed. [*Mundy v. Van Hoose*, 104 Ga. 292, 297 (30 SE 783) (1898).]

(Punctuation omitted.) *Collins v. City of Dalton*, 261 Ga. 584, 585-586 (4) (a) (408 SE2d 106) (1991). Any exemption is not to be "conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature." (Citation and punctuation omitted.) *Gold Kist v. Jones*, 231 Ga. 881, 885 (204 SE2d

584) (1974). Here, the legislature did not clearly and unambiguously exempt the public authorities of foreign states from the real estate transfer tax.

Further, the Board was not a party to the purchase of the subject property; the grantee was Buckhead Atlanta Plaza, the for-profit corporation. Therefore, the transfer did not come under a strict construction of the tax exemption. See *City of Buford v. Gwinnett County*, 262 Ga. App. 248, 250 (1) (585 SE2d 122) (2003) (legislative exceptions in statutes are to be strictly construed and should be applied only so far as their language fairly warrants). Accord *Sawnee Elec. Membership Corp. v. Ga. Public Svc. Comm.*, 273 Ga. 702, 704 (544 SE2d 158) (2001). Therefore, the phrase "any public authority" must be limited to public authorities of this State or the United States.

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2004.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General*, for appellants.
*Sutherland, Asbill & Brennan, Jackie L. Volk*, for appellees.