S04A1001. CHATHAM COUNTY BOARD OF TAX ASSESSORS et al. v. EMMOTH.

(598 SE2d 495)

HUNSTEIN, Justice.

This appeal involves the interpretation of OCGA § 48-5-7.2, which provides for the certification of property as rehabilitated historic property for purposes of preferential assessment under OCGA

§ 48-5-7 (c) and the "freezing" of this assessed value for ad valorem taxation during the rehabilitation period and thereafter for up to ten years. Anna K. Emmoth sought to utilize the provisions of OCGA § 48-5-7.2 to qualify for the preferential assessment after she decided to improve her property in Savannah. Emmoth first obtained preliminary certification of her property by the Department of Natural Resources, id. at (b), then submitted a copy of the preliminary certification to the Chatham County Board of Tax Assessors in October 2000. Upon receipt of the notice the Board complied with the statutory mandate that it "not increase the assessed value of such property during the period of rehabilitation of such property, not to exceed two years." Id. at (c). The Board informed Emmoth that she would have 24 months from the date of the preliminary certification to complete the rehabilitation[1] and subsequently mailed Emmoth notice in July 2001 that the preferential assessment would expire on October 3, 2002.

Emmoth completed the rehabilitation work on her property in February 2002 and on September 10, 2002, prior to the expiration of the two-year period granted her under subsection (c), she submitted an application for final certification to the DNR. See id. at (d). DNR approved the final certification on November 8, 2002, with notification to Emmoth five days later. In January 2003 Emmoth, pursuant to subsection (e), made application to the Board and included the order of final certification from the DNR. However, the Board at its December 2002 meeting had discontinued the preferential assessment for Emmoth's property on the basis that she had failed to both complete the rehabilitation of the property *and* receive a final certification from DNR within 24 months. The Board subsequently rejected Emmoth's request that it reconsider the matter at its February 2003 meeting. The Board's communications with Emmoth regarding its initial December 2002 decision and the final February 2003 decision failed to contain language complying with OCGA § 48-5-306 (notice requirements to taxpayer after changes made in appraised and assessed property values).

Emmoth petitioned the Superior Court of Chatham County for mandamus relief, asserting that she was entitled as a matter of law to approval of her application for preferential assessment because under OCGA § 48-5-7.2 she needed only to complete the rehabilitation of the property within 24 months and that there was no statutory basis for the Board's requirement that she obtain the DNR's final

---

[1] See id. at (c): "A property owner shall have 24 months from the date that preliminary certification is received pursuant to subsection (b) of this Code section in which to complete the rehabilitation of such property in conformity with the application approved by the [DNR]."

certification within that time frame. Although the trial court agreed with Emmoth that DNR final certification was not required within the two-year time frame under the plain language of the statute, it declined to order approval of her application. Instead, the court ordered the Board to conduct the proceeding under subsection (e) of the statute in light of its receipt of Emmoth's submission of the final certification from DNR so that the Board could determine if Emmoth's application for preferential assessment should be granted[2] based upon the standards set forth in the statute. The superior court found the Board's other issues raised in its motion to dismiss were not ripe for disposition and denied the motion.

The Board appeals the trial court's ruling.[3] Because the trial court properly interpreted the plain and unambiguous language of OCGA § 48-5-7.2 and provided Emmoth with the appropriate remedy, we affirm.

1. The Board argues that Emmoth's claim should have been dismissed for failure to exhaust administrative remedies available to her in an appeal to the Board of Equalization pursuant to OCGA § 48-5-311. OCGA § 48-5-7.2 (e) expressly required the Board, upon denying Emmoth's application for preferential assessment, to

> notify the applicant in the same manner that notices of assessment are given pursuant to Code Section 48-5-306. Appeals from the denial of an application for preferential assessment by the board of tax assessors shall be made in the same manner that other property tax appeals are made pursuant to Code Section 48-5-311.

See also OCGA § 48-5-311 (e) (2) (A) (appeals predicated upon compliance with notice requirements of OCGA § 48-5-306). The Board failed to give the requisite notice and thus it cannot take advantage of irregularities for which it is responsible. *Ledbetter Trucks v. Floyd County Bd. of Tax Assessors*, 240 Ga. 791 (2) (242 SE2d 596) (1978). In light of the Board's failure to provide Emmoth with the proper statutory notice, the Board's reliance upon *Chatham County Bd. of Assessors v. Jepson*, 261 Ga. App. 771 (584 SE2d 22) (2003), is misplaced.

---

[2] The trial court recognized that the Board was entitled under OCGA § 48-5-7.2 (c) to remove the preferential assessment status it had granted Emmoth upon the expiration of the 24-month period after the date she submitted the preliminary certification to it.

[3] Although this is an appeal from a superior court's review of an administrative agency's ruling, the discretionary appeals procedures in OCGA § 5-6-35 specifically do not apply to cases involving ad valorem taxes. Id. at (a) (1).

We reject the Board's argument that mandamus was not appropriate. OCGA § 48-5-380 does not provide a legally adequate remedy to a taxpayer who has been denied the long-term preferential assessment that may be accorded rehabilitated historic property under OCGA § 48-5-7.2.

2. The Board contends that the trial court's interpretation of OCGA § 48-5-7.2 is contrary to the language and intent of the statute and argues that the proper interpretation is the one applied by the Board, namely, that OCGA § 48-5-7.2 requires a taxpayer both to complete the rehabilitation of the historic property and to obtain final certification from DNR within the two-year period in subsection (c). We disagree.

OCGA § 48-5-7.2 (c) gives a property owner 24 months from the date the county board of tax assessors receives the submitted preliminary certification "in which to complete the rehabilitation of such property in conformity with the application approved" by the DNR. Subsection (d) provides that the property owner's request for final certification from the DNR occurs "[u]pon the completion of the rehabilitation of such property" and subsection (e) makes clear that it is only "[u]pon receipt of final certification from the [DNR]" that a property owner may make application to the county board of tax assessors for preferential assessment. The plain and unambiguous language of OCGA § 48-5-7.2 does not support the Board's claim that both the rehabilitation process and the DNR final certification process must be completed within the two-year period before the owner may apply and obtain preferential assessment for the properly certified, rehabilitated historic property. Indeed, the Board's interpretation conflicts with subsection (c), in that by requiring the property owner to obtain DNR final certification within the two-year time frame the Board would lessen the 24 months the subsection expressly gives property owners in which to rehabilitate their property. Furthermore, OCGA § 48-5-7.2 places no time limitations on DNR in the processing of the owner's request for final certification and the statute contains no guidelines whereby an owner could calculate the time required to obtain that final certification. Thus, there is no ascertainable date by which a property owner would know to submit an application to the DNR for final certification in order to comply with the Board's interpretation of the statute. The trial court properly declined to apply to the statute a construction that is not only contrary to the plain statutory language but also leads to absurd and unreasonable results.

The Board attempts to avoid the plain language of OCGA § 48-5-7.2 by arguing that its interpretation is "implicit" in the interplay between subsections (c) and (e), in that a contrary interpretation would result in the Board having no value upon which to base the

preferential assessment whenever the owner allows the preliminary assessment under subsection (c) to lapse upon expiration of the two-year rehabilitation period. This argument has no merit, however, because in order to determine that value the Board need only look to OCGA § 48-5-2 (3) (C), which defines "fair market value" of property classified as rehabilitated historic property under OCGA § 48-5-7.2, and OCGA § 48-5-7.2 (g) (3), which sets forth the same test to be used when the county tax receiver or tax commissioner enters the basis or value of a parcel of rehabilitated historic property.

We find similarly meritless the Board's argument that the trial court's interpretation would allow any property owner who completed the rehabilitation within two years to postpone indefinitely the submission of the final certification to the Board. The provisions in OCGA § 48-5-7.2 eliminate any incentive for a property owner to delay submission of the final certification. As the Board itself recognizes, a property owner who fails to submit the final certification to the Board is penalized by the statute's requirement that such an owner must pay taxes reflecting the difference between the value frozen during the rehabilitation period and the regular fair market value, in addition to interest, see id. at (f); plus, the owner must thereafter pay taxes based on the full appraised value of the property for any other tax year that passes prior to submission of final certification. Contrary to the Board's assertion that the property owner can submit the final certification years after the rehabilitation period has expired and obtain at that later time the full benefit of the statute's ten-year assessment freeze, OCGA § 48-5-7.2 (g) (1) clearly provides that the "first year of eligibility" for the preferential assessment is "the tax year following the year in which the preliminary certification was filed" and subsection (g) (3) provides that the rehabilitated historic property classification applies "for nine consecutive assessment years." Thus, for every year the property owner postpones submitting the final certification to the Board, the owner stands to lose or completely forfeit the advantage of the preferential assessment.

Accordingly, because the superior court's interpretation gives sensible and harmonious effect to the statutes in question, we affirm the grant of mandamus relief to Emmoth.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*Lowther & Walmsley, Timothy R. Walmsley,* for appellants.

*Hunter, Maclean, Exley & Dunn, Harold B. Yellin, Adam G. Kirk,* for appellee.