A05A1790. EFFINGHAM COUNTY BOARD OF TAX ASSESSORS v. SAMWILKA, INC.

(629 SE2d 501)

ELLINGTON, Judge.

The Effingham County Board of Tax Assessors denied Samwilka, Inc.'s[1] "Application for Conservation Use Assessment of Agricultural Property."[2] Samwilka appealed to the Effingham County Board of Equalization, which affirmed the denial of the application. In a de novo action, Samwilka appealed to the Superior Court of Effingham County. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to Samwilka. The Board of Tax Assessors now appeals from the final order of the trial court,[3] and we affirm for the reasons set forth below.

"Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. We review a trial court's grant of summary judgment de novo, construing the record and all reasonable inferences in favor of the nonmoving party." (Punctuation and footnotes omitted.) *Pine*

---

[1] Samwilka is a family-owned Georgia corporation with 16 individual shareholders. Samwilka sought preferential tax treatment for 1,894.70 acres of its 4,208 acres of Effingham County property.

[2] Tangible property is normally assessed at 40 percent of its fair market value. OCGA § 48-5-7 (a). However, tangible real property devoted to bona fide conservation use is assessed at 40 percent of its current use value. OCGA § 48-5-7 (c.2). OCGA § 48-5-7.4 defines bona fide conservation use property and the application requirements for current use assessment. See *Ga.-Pacific Corp. v. Talbot County Bd. of Tax Assessors*, 241 Ga. App. 444, 444-445 (526 SE2d 914) (1999) (explaining operation of OCGA § 48-5-7.4).

[3] Although this is an appeal from the decision of the superior court reviewing the decision of an administrative body, cases involving ad valorem taxes are excepted from appeal by application by OCGA § 5-6-35 (a) (1). See *Chatham County Bd. of Tax Assessors v. Emmoth*, 278 Ga. 144, 146, n. 3 (598 SE2d 495) (2004).

*Pointe Housing v. Bd. of Tax Assessors of Lowndes County,* 269 Ga. App. 855, 855-856 (605 SE2d 443) (2004).

At issue is whether OCGA § 48-5-7.4 (b) (3) requires that the Board of Tax Assessors reject Samwilka's application for the current use assessment afforded to bona fide conservation use property.[4] The Board of Tax Assessors argues that because seven of Samwilka's shareholders co-own 2,000 acres of Chatham County property which has been designated as conservation use property,[5] the approval of Samwilka's application would result in those shareholders receiving "any benefit of current use assessment as to more than 2,000 acres," in violation of OCGA § 48-5-7.4 (b) (3). The trial court concluded that approval of preferential ad valorem tax treatment for Samwilka's property would not violate OCGA § 48-5-7.4 (b) (3) because an individual's "benefit" in property owned through a tenancy in common should be determined on a pro-rata basis. We agree with the trial court.

> Well-established principles of statutory construction require that the literal meaning of the words of a statute must be followed unless the result is an absurdity, contradiction, or such an inconvenience that it is clear that the legislature must have intended something else. We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.

(Citations and punctuation omitted.) *Colonial Life & Accident Ins. Co. v. Heveder,* 274 Ga. App. 377, 379 (618 SE2d 39) (2005). "[E]xemptions are construed narrowly against the taxpayer and in favor of the tax." *Hicks v. Florida State Bd. of Admin.,* 265 Ga. App. 545, 550 (2) (594 SE2d 745) (2004).

OCGA § 48-5-7.4 (b) lists certain requirements for the "qualification of conservation use property for current use assessment." OCGA § 48-5-7.4 (b) (3) provides:

---

[4] See OCGA § 48-5-7.4 (k) (1).

[5] The seven Samwilka shareholders own the Chatham County property as tenants in common with four other individuals. The tenants in common share in the profits, expenses, and tax liabilities generated by the Chatham County property in an amount equal to their percentage ownership.

> No property shall qualify as bona fide conservation use property if such current use assessment would result in any person who has a beneficial interest in such property, including any interest in the nature of stock ownership, receiving in any tax year any benefit of current use assessment as to more than 2,000 acres. If any taxpayer has any beneficial interest in more than 2,000 acres of tangible real property which is devoted to bona fide conservation uses, such taxpayer shall apply for current use assessment only as to 2,000 acres of such land.

The Commissioner of the Georgia Department of Revenue has defined "beneficial interest," for purposes of implementing OCGA § 48-5-7.4, as "in addition to legal ownership or control, . . . the right to derive any profit, benefit, or advantage by way of a contract, stock ownership or interest in an estate." Ga. Comp. R. & Regs. r. 560-11-6-.02 (a). See OCGA § 48-2-12 (a) (commissioner has the power to make reasonable rules and regulations).

Applying OCGA § 48-5-7.4 (b) (3) to the facts of this case, we see that the owners of the Chatham County property, as tenants in common, simultaneously possess each acre of the property. See OCGA § 44-6-120 ("tenancy in common is created wherever from any cause two or more persons are entitled to the simultaneous possession of any property"). Thus, each tenant in common arguably derives a "benefit" from the preferential tax status afforded to every acre of the 2,000-acre Chatham County property. It follows, according to the Board of Tax Assessors, that granting current use assessment to the acreage owned by Samwilka would result in several of its shareholders receiving "any benefit of current use assessment as to more than 2,000 acres." OCGA § 48-5-7.4 (b) (3). In other words, according to the Board of Tax Assessors, because some of Samwilka's shareholders benefit from the current use assessment of the 2,000-acre Chatham County property, if Samwilka's Effingham County property was also given preferential ad valorem treatment then certain of Samwilka's shareholders would be in violation of the 2,000-acre limit. We disagree.

First, OCGA § 48-5-7.4 (b) (3) establishes a test that looks to each person who has a "beneficial interest in such property." Thus, when the provision later refers to "receiving . . . any benefit of current use assessment as to more than 2,000 acres," the "benefit" refers to the tax benefit to these beneficial owners. Id. A beneficial owner only benefits from the lower ad valorem tax in proportion to his or her interest in the property. For example, a tenant in common is only entitled to share in the profits in an amount proportional to his interest in the land. *Dozier v. Wallace*, 169 Ga. App. 126, 128 (3) (311

SE2d 839) (1983) (tenant in common is entitled to his share of the use, rent, and profits from jointly-owned property). It follows that, as to the 2,000-acre Chatham County property, the tenants in common accrue the benefits of the preferential tax treatment in an amount proportional to their interest in the property as a whole. Thus, Henry S. Morgan, a 15 percent owner of the 2,000-acre Chatham County property, enjoys only 15 percent of the tax benefits, not 100 percent. Logically, Morgan "receiv[es] . . . any benefit" as to 300 acres, and not 2,000 acres.

Second, statutory construction must "square with common sense and reasoning." (Citation and punctuation omitted.) *Kendall v. Griffin-Spalding County Hosp. Auth.*, 242 Ga. App. 821, 822 (2) (531 SE2d 396) (2000). If we agree with the Board of Tax Assessors, a tenant in common with even a tiny undivided interest in a 2,000-acre tract receiving the current use assessment afforded to conservation use property could not hold any interest, either directly or indirectly, in any other property receiving this benefit. A single owner, on the other hand, would be "[free] to enter into more than one covenant under this Code section for bona fide conservation use property, provided that the aggregate number of acres of qualified property of such owner to be entered into such covenants does not exceed 2,000 acres." OCGA § 48-5-7.4 (e). We find it unlikely that the legislature intended to allow collective ownership of tax advantaged property, see OCGA § 48-5-7.4 (a) (1) (C), but also place the collective owners in a distinctively more disadvantageous position than if the property was divided and owned individually.

We conclude that the legislature intended that in determining whether a beneficial owner has received "any benefit of current use assessment as to more than 2,000 acres," that the acreage be calculated proportionally to the owner's beneficial interest in the underlying property. If the interests of Samwilka's shareholders who are also tenants in common of the Chatham County property are so calculated, no single shareholder of Samwilka benefits from current use assessment as to more than 2,000 acres. Accordingly, the judgment of the trial court must be affirmed.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 28, 2006.

*Zipperer, Lorberbaum & Beauvais, Eric R. Gotwalt*, for appellant.

*Bouhan, Williams & Levy, Walter C. Hartridge, David B. Dennison*, for appellee.